UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JULIE CONWAY                                                                                                  Plaintiff

v.                                                                                     Civil Action No. 3:20-cv-625-RGJ

AMAZON, INC. and REED GROUP                                                                     Defendants

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Defendant Reed Group Management LLC ("Reed Group") moved to dismiss Plaintiff Julie Conway's ("Conway") Complaint. [DE 25-1]. Defendant Amazon, Inc. ("Amazon" together with Reed Group, "Defendants") joined in Reed Group's Motion to Dismiss. [DE 26]. Conway responded [DE 28] and Reed Group replied [DE 29]. Conway also moved to amend her Complaint [DE 27], attaching a proposed amended version of the complaint [DE 27-1]. Defendants responded through separate filings. [DE 29; DE 30]. Conway did not reply. Conway also moved for a hearing under Rule 16 of the Federal Rules of Civil Procedure [DE 28] and Reed Group responded [DE 29]. Briefing is complete, and the matter is ripe. For the reasons below, Amazon is **JOINED** in Reed Group's Motion to Dismiss [DE 26] and the Court **DENIES** Conway's Motion to Amend [DE 27], **GRANTS** Reed Group's Motion to Dismiss [DE 25-1], and **DENIES AS MOOT** Conway's Motion for a Rule 16 Hearing [DE 28].

I.      **BACKGROUND**

Conway brought claims for short-term and long-term disability benefits under the Employment Retirement Income Security Act of 1974 ("ERISA") § 502(a), 29 U.S.C. § 1132(a). [DE 1-1]. The Complaint alleges the wrongful denial of benefits under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) and a claim for equitable relief under ERISA § 502(a)(3), 29 U.S.C. §

1

1132(a)(3). [*Id.*]. Conway asserted that she "was a full-time employee . . . for a sufficient time period so as to be eligible for coverage" of Amazon's short- and long-term disability benefits and that she participated in those benefit programs. [*Id.* at 9]. She alleged that "by virtue of Plaintiff's medical impairments and according to medical personnel, it is apparent that Plaintiff is permanently and totally disabled." [*Id.*]. In her Complaint, she asserted that she applied for short-term disability benefits "and was granted [short-term disability] coverage." [*Id.*]. Amazon then reviewed Conway's file, which "resulted in a denial" of her short-term disability benefits. [*Id.*]. Conway alleged in her Complaint that "any further appeal of either the [short-term disability] or [long-term disability] would be futile" because Amazon writes their own disability plans. [*Id.*]. Ultimately, Conway claimed that she "is entitled to long-term disability benefits" and that Amazon breached her coverage plans. [*Id.* at 10].

On September 25, 2020, Amazon moved to "dismiss [Conway]'s Complaint for (1) failure to allege the exhaustion of administrative remedies, and (2) failure to state a plausible claim for relief under ERISA § 502(a)." [DE 11 at 36]. Reed Group joined in Amazon's motion. [DE 22]. The Court granted in part Amazon's Motion to Dismiss [DE 11], dismissing Conway's claim for long-term disability benefits. [DE 24 at 344]. The Court also dismissed Amazon's Motion to Dismiss without prejudice as it related to Conway's claim for short-term disability benefits because her Complaint did not include adequate information. [*Id.* at 340–41]. However, Conway was required amend her Complaint within 14 days of the Court's Order "to clarify whether she appealed Amazon's short-term disability decision, and if so, the status and relevant dates of any appeal." [*Id.* at 341, 345]. On October 19, 2021, over a month after the Court's deadline and two weeks after Reed Group moved to dismiss, Conway moved to amend her Complaint without asserting any arguments. [DE 27].

## II. CONWAY'S MOTION TO AMEND [DE 27]

Reed Group contends that Conway's Motion to Amend should be denied due to the undue delay and the futility of the amendment. [DE 29 at 386]. Amazon also argues Conway's Motion to Amend should be denied because it was filed past the deadline and does not cure the Complaint's deficiencies. [DE 30 at 396].

### A. Standard of Review

"[A] party may amend its pleading only with . . . the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). "The grant or denial of a motion to amend is within the sound discretion of the Court." *Birchwood Conservancy v. Webb*, 302 F.R.D. 422, 424 (E.D. Ky. 2014) (citing *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987)). The Court considers several factors when considering whether to grant a motion to amend:

> (1) undue delay in filing the motion; (2) lack of notice to adverse parties; (3) whether the movant is acting in bad faith, or with a dilatory motive; (4) failure to cure deficiencies by previous amendments; (5) the possibility of undue prejudice to adverse parties; and (6) whether the amendment is futile.

*Webb*, 302 F.R.D. at 424 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### B. Discussion

Amazon argues that Conway's Motion to Amend should be denied because it fails to cure deficiencies identified in the Court's prior Order. [DE 30 at 395]. Conway does not respond to this argument. [DE 27].

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Sims v. Atrium Med. Corp.*, 349 F. Supp. 3d 628, 637 (W.D. Ky. 2018) (quoting *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)). Failing to amend a

complaint to cure deficiencies identified by the Court is also grounds for dismissal. *See, e.g.*, *Nino v. Flagstar Bank, FSB*, 766 F. App'x 199, 204 (6th Cir. 2019).

In *Nino*, the Magistrate issued a report suggesting that the plaintiff's claims be dismissed. *See Nino v. Flagstar Bank, FSB*, No. 2:16-cv-14407, 2018 WL 1556235, at *1 (E.D. Mich. Mar. 30, 2018). Without clearly objecting to the report's findings, the plaintiff moved to amend the complaint. *Id.* at 3. However, the motion to amend did not cure the deficiencies noted in the Magistrate's report or the defendant's motion to dismiss. *See id.* The Eastern District of Michigan denied the plaintiff's motion to amend because there was evidence of delay and because the motion to amend was futile. *See id.* It noted that the plaintiff had already been given one opportunity to amend her complaint and cure the same deficiencies but failed to do so. *Id.* On appeal, the Sixth Circuit held that the district court did not abuse its discretion by denying leave to amend. *See Nino v. Flagstar Bank, FSB*, 766 F. App'x at 204. Instead, the Sixth Circuit held that the plaintiff's failure to cure deficiencies after a year of litigation warranted dismissal. *See id.*

In this case, the Court asked Conway to cure two deficiencies identified in the Complaint. The Court first asked Conway to "clarify whether she appealed Amazon's short-term disability decision, and if so, the status and relevant dates of any appeal." [DE 24 at 341]. The Court then asked Plaintiff to "provide facts from which this Court could infer that she is entitled to benefits under her STD Plan." [*Id.* at 344]. Yet Conway's amended complaint, which was filed more than a month after the Court's deadline, failed to address either of these deficiencies. As Reed Group noted [DE 29 at 388–89], Conway's proposed amended complaint is a word for word copy of the original that merely omits references to the long-term disability claim. [DE 27-1]. As in *Nino*, Conway has engaged in litigation for more than a year without curing deficiencies in her Complaint even after the Court allowed Conway an opportunity to amend. *See* 766 F. App'x at 204. This

Court has already held that "Conway's Complaint fails to provide facts from which this Court could infer that she is entitled to benefits under her STD Plan." [DE 24 at 344]. Therefore, Conway's proposed amended complaint, which included no additional facts or details, can not survive a 12(b)(6) motion to dismiss. Without the additional details required by the Court, Conway's motion to amend is futile. *See Sims*, 349 F. Supp. 3d at 637. Because Conway's Motion to Amend was untimely and because the amendment is futile, Conway's Motions to Amend [DE 27] is **DENIED**. Having dismissed Conway's motion to amend due to its untimeliness and futility, the Court will not address Defendants' additional arguments.

III. **REED GROUP'S MOTION TO DISMISS [DE 25-1] & CONWAY'S MOTION FOR A RULE 16 HEARING [DE 28]**

Reed Group moved to dismiss Conway's action for failure to prosecute under Rule 41(b) because Conway failed to amend her complaint within fourteen days as directed by the Court. [DE 25-1 at 349]. Conway argues that her claim should not be dismissed because Reed Group's argument lacks merit. [DE 28 at 379].

A. **Standard of Review**

Under Rule 41(b) of the Federal Rules of Civil Procedure, a defendant may move to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of [their] failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll*, 176 F.3d at 363). A district court therefore "must be given substantial discretion in serving these tasks." *Id.* (quoting *Knoll*, 176 F.3d at 363).

5

Courts in the Sixth Circuit consider four factors to determine whether dismissal is warranted:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Cornett v. Dobson*, 338 F.R.D. 97, 99 (E.D. Ky. 2021) (citing *Schafer*, 529 F.3d at 736). In making this determination, "district courts have substantial discretion in discerning whether dismissal is appropriate." *Warren v. United States*, No. CV 6:19-78-KKC-EBA, 2021 WL 3780792, at *2 (E.D. Ky. Aug. 25, 2021) (quoting *Lay v. Altrichter*, No. 6:20-CV-18-REW-HAI, 2020 WL 2843345, at *4 (E.D. Ky. June 1, 2020)).

### B. Discussion

Reed Group asserts that dismissal is warranted under Rule 41(b). [DE 25-1 at 349]. Therefore, the Court will analyze Conway's failure to substantively amend her complaint within the time allotted by the Court under the Sixth Circuits four-factor analysis. *See Cornett*, 338 F.R.D. at 99.

*1. Whether Conway's Failure is Due to Willfulness, Bad Faith, or Fault.*

"[W]illfulness, bad faith, or fault can be inferred where a party "display[s] either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Cornett*, 338 F.R.D. at 99 (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)).

In this case, the Court ordered Conway to amend her Complaint within 14 days to cure deficiencies that would otherwise subject her claims to dismissal. [DE 24 at 344–45]. Yet Conway did not move to amend her Complaint for 48 days, more than three times the amount of time

allotted by the Court. [DE 27]. Conway did not address the reason for her delay other than noting the time it took to confer with Counsel regarding further pursuit of her claims. [DE 378–79]. Moreover, Conway's amended complaint failed to cure the deficiencies listed by the Court. Not only did Conway fail to add facts requested by the Court, but her proposed amended complaint was a word for word copy of the original that merely omitted details related to her long-term disability claim. [DE 27-1]. At a minimum, Conway's delay and failure to substantively amend her Complaint as directed by the Court demonstrates a reckless disregard for this proceeding. *See Cornett*, 338 F.R.D. at 99.

2. *Whether Reed Group or Amazon Were Prejudiced by Conway's Conduct.*

The Sixth Circuit has held that a defendant is prejudiced by the plaintiff's conduct when the defendant "waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Schaffer*, 529 F.3d at 737 (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 367 (6th Cir. 1997)).

There is no doubt that Defendants have been prejudiced by Conway's failure to respond and substantively amend her Complaint in accordance with the Court's Order. Defendants have spent time and resources moving to dismiss Conway's Complaint twice [DE 11; DE 25-1] and filing corresponding briefs. Defendants also spent resources responding to Conway's overdue Motion to Amend that failed to comply with the Court's Order. [DE 29; DE 30]. Defendants have been prejudiced by Conway's conduct because they have repeatedly expended time and resources engaging with Conway. *See Schaffer*, 529 F.3d at 737. Dismissal would save Defendants from additional prejudice because they would no longer incur the costs of continuing to defend against this action.

         *3. Whether Conway Was Warned that Failure to Cooperate Could Lead to Dismissal.*

The Sixth Circuit has held that "[p]rior notice, or the lack thereof is . . . a key consideration." *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998). "Dismissal is generally warranted where the party fails to act in the face of a clear prior warning that the case would be dismissed." *Pickle v. United States*, No. 6:17-225-KKC, 2018 WL 3795244, at *2 (E.D. Ky. Aug. 9, 2018) (citing *Bowles v. City of Cleveland*, 129 F. App'x 239, 244 (6th Cir. 2005)); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 633 (1962) ("[A] District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting.").

The Court provided Conway with clear warnings that her Complaint would be dismissed unless certain deficiencies were cured. [DE 24]. In the September 1 Order ruling on Defendants' first motion to dismiss, the Court held that "Conway's Complaint fails to provide facts from which this Court could infer that she is entitled to benefits under her STD Plan." [*Id.* at 344]. The Court specifically held that Conway "should be afforded an opportunity to amend to attempt to state a claim to relief that is plausible on its face." [*Id.* (quoting *Miles v. Fed. Ins. Co.*, No. 5:16-CV-15-KKC, 2017 U.S. Dist. LEXIS 19133, at *17 (E.D. Ky. Feb. 10, 2017) (internal quotations omitted))]. The Court further noted that Conway's claims before the Court were both "unclear and incomplete." [*Id.* at 341]. Despite this Court's unambiguous warnings, Conway failed to amend her Complaint within 14 days of the Court's September 1 Order as directed by the Court. [*Id.* at ]. Even after Conway did move to amend, her proposed amended complaint failed to cure the deficiencies noted by the Court. [DE 27-1]. Dismissal is warranted because Conway was on notice that failure to timely amend her complaint to cure deficiencies noted by the Court would result in her complaint being dismissed. *See Pickle*, 2018 WL 3795244, at *2.

### 4. *Whether Less Drastic Sanctions Were Imposed or Considered Before Dismissal.*

Dismissal with prejudice allows the Court to balance its interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits." *Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 557 n. 5 (6th Cir. 2004). The Sixth Circuit has held that a district court is within its discretion to dismiss a complaint as its first and only sanction. *See Harmon*, 110 F.3d at 368 ("We are loathe to require the district court to incant a litany of the available lesser sanctions.").

As noted, the Court provided Conway with notice that her complaint was clearly deficient and subject to dismissal unless the deficiencies were cured within the allotted time. [DE 24 at 344]. Not only would lesser sanctions fail to remedy prejudice to Defendants, but it would reduce the Court's September 1 Order to nothing more than a hollow threat. Dismissing Conway's complaint with prejudice at this stage allows the Court to effectively manage its docket after permitting Conway to be heard on the merits. *See Muncy*, 110 F. App'x at 557 n. 5.

### 5. *Analyzing the Factors.*

As noted above, all four factors indicate that dismissal with prejudice is appropriate under the circumstances. Conway's overdue Motion to Amend and failure to cure deficiencies demonstrates a reckless disregard for this proceeding. *See Cornett*, 338 F.R.D. at 99. Allowing this case to continue would subject Defendants to further prejudice by forcing them to spend more time and resources defending against Conway's claims. *See Schaffer*, 529 F.3d at 737. The Court's September 1 Order provided Conway with an unambiguous warning that her claims would be dismissed if she did not cure certain deficiencies. [DE 24 at 344–45]. Although the Court will not apply lesser sanctions, dismissing Conway's Complaint with prejudice allows it to effectively manage its docket. *See Muncy*, 110 F. App'x at 557 n. 5.

Conway did not substantively respond to Reed Group's arguments. Conway simply argues that Reed Group's assertions are without merit because the Court "never fully dismissed the Complaint as it let the Plaintiff go forward on the STD claim." [DE 28 at 379]. While this statement is technically true, the Court allowed Conway's short-term disability claim to continue on the condition that she amend her Complaint to cure deficiencies recognized by the Court. [DE 24 at 341]. However, as noted above, Conway's proposed amended complaint failed to cure these deficiencies. Therefore, Conway's argument does not reflect the status of her short-term disability claims. Because all four factors weigh in favor of dismissal and because Conway has failed to substantively respond, Reed Group's Motion to Dismiss [DE 25-1] is **GRANTED**. Conway's Motion for a Rule 16 Hearing [DE 28] is **DENIED AS MOOT** since the Court will dismiss the case.

### IV.   CONCLUSION

Having thus considered the parties' filings and the applicable law, and being otherwise sufficiently advised, the Court **ORDERS** that:

1. Amazon is **JOINED** in Reed Group's Motion to Dismiss [DE 26];

2. Conway's Motion to Amend [DE 27] is **DENIED**;

3. Reed Group's Motion to Dismiss [DE 25-1] is **GRANTED**;

4. Conway's Motion for a Rule 16 Hearing [DE 28] is **DENIED AS MOOT**.

*Rebecca Grady Jennings, District Judge*
*United States District Court*

June 21, 2022

cc:   Counsel of record